[S. F. No. 1848.    Department Two.—December 14, 1901.]

## C. LAMBERT, Appellant, v. GEORGE S. McKENZIE, Respondent.

STATUTE OF LIMITATIONS—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION—FRAUD OF SHERIFF—STATUTORY PENALTY—NEGLIGENCE.— A cause of action against a sheriff, grounded in fraud, in making a false return of money collected, to recover the sum fraudulently retained, with the statutory penalty of twenty-five per cent for refusal to pay the same upon demand, is wholly distinct from a cause of action grounded in the negligence of the sheriff, in failing to collect the money claimed, and negligently allowing a deduction of the expense of harvesting a crop, which was not chargeable to the plaintiff, and the statute of limitations runs as to such cause of action for negligence to the date of the filing of an amended complaint, adding the same, in a separate count, to the other cause of action.

ID.—RUNNING OF STATUTE AS TO NEGLIGENCE—DISCOVERY IMMATERIAL. —The statute of limitations, upon a cause of action for negligence, begins to run from the date of the act and fact of the negligence complained of; and the date of the discovery of the negligence is immaterial.

ID.—GENERAL RULE AS TO STATUTE OF LIMITATIONS—TIME OF ACT.— The general rule as to the running of the statute of limitations, except in cases of fraud, is, that the time of the act complained of, and not the time of its discovery, sets the statute in motion.

APPEAL from a judgment of the Superior Court of Napa County.    E. D. Ham, Judge.

The facts are stated in the opinion of the court.

F. E. Johnston, for Appellant.

H. M. Barstow, for Respondent.

HENSHAW, J.—Plaintiff, upon March 5, 1893, commenced his action against the defendant, sheriff of the county of Napa, based upon section 98 of the County Government Bill of 1893 (Stats. 1893, p. 346), and alleged that the sheriff, under execution levy, had collected the sum of $609.08; that he had falsely returned that he had collected and received under the writ only the sum of $311.38; that demand had been made upon him, and he refused to comply with the demand, and judgment

was sought for the amount and twenty-five per cent. damages. On the tenth day of April, 1894, the plaintiff filed an amended complaint, containing two counts,—the first identical with the one above set forth, the second charging that, upon October 21, 1891, the defendant, by his negligence and carelessness, failed to collect under the writ the amount of money which should have been paid over, and, as a consequence of his negligence and carelessness, this amount which should have been applied upon plaintiff's judgment debt was lost to him, and damages were accordingly sought for defendant's negligence.

Defendant, for answer, made denial and pleaded the statute of limitations. The court in its findings exonerated the sheriff from the charge of negligence, and further found in his favor, upon the plea of the statute. The sufficiency of the finding as to negligence is attacked, but that upon the statute of limitations first invites attention. To its understanding, certain facts are essential. Plaintiff, in an action against Bailey, had caused an attachment to be levied on Bailey's interest in a growing crop of grapes. Johnson was in possession of the vineyard, under a contract, by which he was to harvest and deliver the grapes and receive therefor one third of the proceeds after sale, the other two thirds going to Bailey. The grapes were sold to Carpy. Johnson, the tenant, harvested, hauled, and delivered a portion of the crop, and then abandoned his contract, whereupon, by agreement between the sheriff and this plaintiff, the former completed the work. It appears that, under the terms of the lease between Johnson and Bailey, Johnson, at his own charge and expense, was to have done the harvesting and delivering of the crop. Whether the sheriff had knowledge of this condition is a controverted matter, which does not, however, here call for determination. The value of the grapes delivered by Johnson amounted to $416; $497 was the value of the portion delivered by the sheriff. When settlement was made by the sheriff with Carpy, there was deducted the sum of $257, the cost of harvesting and delivery, from the two-thirds share of Bailey, which was under attachment. The contention of plaintiff was, and is, that the Bailey share was not liable for the expenses incurred in the picking and delivery of the crop, and that these expenses should have been charged against Johnson's share, and that the sheriff should have taken $609, the two thirds of the total

amount which the crop realized; or that, as Johnson had abandoned his contract, Bailey, or the sheriff and plaintiff, who had succeeded to his interest in the crop, were entitled to complete the contract, and, if they so desired, retain all that was received from the sale of the grapes which they so harvested, and at the same time recover from Johnson two thirds of the value of that portion of the crop which he delivered. The negligence of the sheriff is thus predicated upon his permitting the deduction of the cost of harvesting from this plaintiff's share of the crop.

If the sheriff was culpably negligent in the matter, his negligence arose upon October 21, 1891, as pleaded, and found by the court. It further appears that the sheriff had furnished plaintiff's attorney with a cost bill showing his disbursements, on January 12, 1892, and the court finds that plaintiff had actual knowledge of what defendant had done upon the last-named date. Plaintiff's amended complaint, the first time charging negligence, was not filed until February 10, 1894, and accordingly the court found that the cause of action was barred by the provisions of subdivision 2 of section 339 of the Code of Civil Procedure. Appellant seeks to overcome this finding by the argument,—1. That the original complaint was filed within two years of the date of the transaction, and that the amended complaint does not change the cause of action; and 2. That the cause of action against the sheriff did not accrue until discovery of what he had done, made at the time of the filing of his formal return under the writ. As to the first of these propositions, it cannot be successfully contended that the two causes of action—the one set forth in the original complaint, the other set forth for the first time in the amended complaint in a separate count—are the same. The first is a charge, not of negligence in failure to collect, but is a charge of fraud, in refusing to turn over moneys which he had actually collected, and on proof of which plaintiff was entitled to exact the twenty-five-per-cent penalty, which he actually demanded. To this action demand upon the sheriff is necessary, and this demand was pleaded. The second cause of action was an action for damages resulting from negligence pure and simple,—not for a refusal to turn over what he had collected, but for his negligent failure to collect what he should have collected,—to the

detriment and loss of the plaintiff. In this action no demand is necessary, and no penalty is permitted, and so, properly enough, the pleader neither alleged a demand nor asked for a penalty. The amended complaint so changing the cause of action cannot be made referable to the time of the filing of the original complaint to avoid the bar of the statute.

The second proposition advanced by appellant is equally untenable. It is not true that, where damages result from negligence, the cause of action arises upon the date of the discovery of the negligence or of the negligent person. It is the date of the act and fact which fixes the time for the running of the statute. Cases of hardship may arise, and do arise, under this rule, as they arise under every statute of limitations; but this, of course, presents no reason for the modification of a principle and policy which, upon the whole, have been found to make largely for good. If a man assails another and inflicts upon him great bodily injury, and escapes unidentified, and, notwithstanding the most ardent search, is able to conceal his identity for years, if discovery be afterward made, it is too late, not only to prosecute him for damages in a civil action, but as well to try him upon the criminal charge. If a searcher of records, in his report upon a title, by negligence omits an important instrument, the purchaser, upon the strength of the searcher's report, has no cause of action, unless he brings it within two years, not from the date when he may be ousted of his possession, and thus first discover the defect, but within two years from the date of the searcher's report. And so throughout the law, except in cases of fraud, it is the time of the act, and not the time of the discovery, which sets the statute in motion. (*Gale* v. *McDaniel*, 72 Cal. 334; *People* v. *Melone*, 73 Cal. 574; *Lattin* v. *Gillette*, 95 Cal. 317;[1] *Paige* v. *Carroll*, 61 Cal. 211.)

The judgment appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.

---

[1] 29 Am. St. Rep. 115.