[Civ. No. 84. Fourth Appellate District.—March 4, 1930.]

N. C. MEDLEY, Appellant, v. R. L. HILL, as Sheriff, etc., Respondent.

J. A. Shishmanian for Appellant.

J. A. Chase for Respondent.

BARNARD, J.—This is an appeal from a judgment of dismissal, made and entered after a demurrer to plaintiff's complaint had been sustained, without leave to amend.

The action was one against the sheriff of the county of Tulare, seeking to recover certain damages, together with the statutory penalty provided for in section 693 of the Code of Civil Procedure, for the alleged negligence of the defendant sheriff in failing to give proper notice of sale, as required by section 692 of the Code of Civil Procedure, in connection with the sale of certain lots previously sold under a writ of execution and purchased by this plaintiff. The plaintiff alleges that he brought a quiet title action after purchasing the lots, in which a judgment was rendered declaring the description used by the sheriff, in the aforesaid notice of sale, to be wholly inadequate and insufficient to identify the lots, and adjudging that the plaintiff received no title under the sheriff's deed. It appears that the notice of the execution sale, containing the insufficient description, was posted on October 3, 1923; that the plaintiff bought in the real property and received a certificate of sale from the sheriff on October 29, 1923; that the plaintiff received a sheriff's deed to the property on October 29, 1924, and that a complaint to quiet the title to the property in question was filed by the plaintiff herein on December 3, 1924, and the judgment therein was rendered on December 2, 1925. The present action against the sheriff was commenced by the plaintiff on February 1, 1926. The demurrer to the complaint was sustained without leave to amend on the ground that the action was barred by the statute of limitations.

An action against a sheriff upon a liability incurred by the doing of an act in his official capacity and in virtue of his office or by the omission of an official duty is barred in two years. (Code Civ. Proc., sec. 339, subd. 2.) An action upon a statute for a penalty or forfeiture, when the action is given to an individual, is barred in one year. (Code

Civ. Proc., sec. 340, subd. 1.) ▉ In an action against a sheriff for negligence in the performance of his official duty, it is the date of the act and fact which fixes the time for the running of the statute of limitations. (*Lambert* v. *Mc-Kenzie*, 135 Cal. 100 [67 Pac. 6].) ▉ Appellant seeks to avoid the application of this rule to the facts in this case, by the argument that the statute of limitations commences to run only when a cause of action accrues; that there can be no cause of action until damage or injury has been incurred; and that the fact of injury to the plaintiff here, and the consequent liability of the sheriff, was first determined by the judgment in the quiet title action rendered on December 2, 1925. He therefore relies upon the general rule of law, as stated in 16 California Jurisprudence, at page 496: "But if a lawful act is committed which does not necessarily result in injury to another, the statute runs only from the time damage is actually sustained by reason of the act."

Appellant is in error in assuming that the injury did not exist, nor the cause of action accrue, until the entry of the decree in the quiet title action. The entry of this decree did not create any injury or damage, or give rise to any cause of action. It did not take from the plaintiff something he previously had, but the decree was itself based upon the fact that the plaintiff had nothing from the beginning, and that he obtained nothing, in the way of title, when he received the sheriff's certificate of sale. The wrong or injury done by the sheriff, if any, occurred, not when the decree was entered in the quiet title action, but when the notice of sale was posted on October 3, 1923, and so far as the plaintiff herein is concerned, when the certificate of sale was issued, on October 29, 1923.

▉ Nor can the appellant avail himself of the contention that he discovered the alleged negligence of the sheriff for the first time upon the entry of the decree in the quiet title action. In *Lightner Min. Co.* v. *Lane*, 161 Cal. 689, the court says:

"It is the settled rule in actions at law that the plaintiff's mere ignorance of the existence of the injury complained of, or of the facts constituting such injury, or of the identity of the person liable therefor, until the period of limitation had passed, will not prevent the

running of the statute. This rule has been followed in this state in several cases in which the point that there was fraud involved in the cause of action itself, or a fraudulent concealment thereof, was not raised or considered. (*Gale* v. *McDaniel,* 72 Cal. 334 [13 Pac. 871]; *People* v. *Melone,* 73 Cal. 574 [15 Pac. 294]; *Paige* v. *Carroll,* 61 Cal. 211; *Lattin* v. *Gillette,* 95 Cal. 317 [29 Am. St. Rep. 115, 30 Pac. 545]; *Lambert* v. *McKenzie,* 135 Cal. 100 [67 Pac. 6].) In the last-mentioned case the court said: 'It is not true that, where damages result from negligence, the cause of action arises upon the date of the discovery of the negligence, or of the negligent person. It is the date of the act and fact which fixes the time for the running of the statute. . . . And so throughout the law, *except in cases of fraud,* it is the time of the act, and not the time of the discovery which sets the statute in motion.' "

Having begun an action to quiet his title to the lots involved, on December 3, 1924, the attention of the plaintiff must have been called to the questionable nature of his title at least that early, and he had ample time thereafter, before the running of the statute, to have protected himself in any claim he had against the sheriff. In addition to the general rule of law, as above cited, he had actually been put upon his guard, and the fact that he preferred to rely upon his supposed legal rights, as being tested in the quiet title action, adds nothing to his position after such reliance turns out to have been unjustified.

If the rule contended for by appellant should be applied, the statute of limitations in such a case as this, would mean little, for such an action to quiet title might not be brought for many years. Statutes of limitation are positive rules of law, and they find their justification in reason and experience. The appellant herein had ample time after purchasing the property at the execution sale, and before the running of the statute, to ascertain the true status of the title to the property, and no reason appears why his position is, or should be, any better than that of any other person who has permitted the period of the statute to run.

The order sustaining the demurrer, without leave to amend, was correct, and the judgment is affirmed.

Sloane, P. J., and Marks, J., concurred.