[Civ. No. 18965.   Second Dist., Div. One.   Aug. 19, 1952.]

GILBERT SONBERGH, Appellant, v. HAVEN MacQUARRIE, Respondent.

Lawrence William Steinberg for Appellant.

Jerome J. Mayo for Respondent.

DRAPEAU, J.—By his complaint of August 9, 1951, plaintiff sought recovery of damages for severe personal injuries which he alleged he sustained as result of an assault and battery made upon him on September 25, 1948, by defendant.

The latter interposed a general demurrer and moved for a judgment on the pleadings, on the ground that the action was barred by the statute of limitations, i.e., section 340(3) Code of Civil Procedure.

The demurrer was ordered off calendar and the motion was granted. From the judgment which followed, plaintiff appeals.

The complaint alleges that plaintiff was struck by defendant on September 28, 1948; that such striking was without cause or provocation. That plaintiff was unaware at the time of the assault that any substantial injuries had resulted; that he took all reasonable precautions to ascertain if he had been injured, including visits to physicians and X rays and other tests recommended by them. It is also alleged that plaintiff could not have learned of the extent of his injuries prior to April, 1951, when it first became possible to make a diagnosis that plaintiff had "organic brain and nervous injuries" proximately caused by the assault.

It is further alleged that, as a result of such injuries, plaintiff has suffered dizziness, general malaise, numbness and tremors. His sense of balance is adversely affected, his freedom of motion is curtailed and he has to walk with a cane. He has suffered loss of speech, loss of muscular control, and has sustained injuries to his brain, nerves and tissues of his head, to his central nervous system as well as to other parts of his body. He suffers great pain; is unable to work; requires and will continue to require medical care.

The question involved herein is stated by respondent as follows: "In a battery case where the injuries flowing from

the battery were immediately not substantial, but later became so, are the provisions of section 340, subdivision 3, Code of Civil Procedure . . . tolled until the *seriousness* of the injuries is discovered?'' (Emphasis included.)

The statute, above referred to, requires that an action for assault, battery, or for injury to or for the death of one caused by the wrongful act or neglect of another shall be commenced within one year. Here the complaint was not filed until two years and ten months after the alleged assault.

Appellant urges that since, in the exercise of due diligence, he was not able to determine the cause or source of his ill health until a few months before he filed his complaint, his action was filed in time. In support of this position, he cites those causes of action in which the statutes of limitation run from time of discovery of the injury, to wit: warranty, malpractice and workmen's compensation cases. This exception to the general rule rests upon the theory that ignorance or concealment which is the result of defendant's conduct, rather than the negligence of plaintiff, tolls the running of the statute until discovery of the injury. (34 Am. Jur. 186, § 230 (Limitation of Actions).)

■ And in *Scafidi* v. *Western Loan & Bldg. Co.*, 72 Cal. App.2d 550, 566 [165 P.2d 260], the following appears: ''Our courts have repeatedly affirmed that mere ignorance, not induced by fraud, of the existence of the facts constituting a cause of action on the part of a plaintiff does not prevent the running of the statute of limitations. (*Lightner Mining Co.* v. *Lane*, 161 Cal. 689, 696 [120 P. 771, Ann.Cas. 1913C 1093]; *Rose* v. *Dunk-Harbison Co.*, 7 Cal.App.2d 502, 505 [46 P.2d 242]; *Medley* v. *Hill*, 104 Cal.App. 309, 311 [285 P. 891]; 37 C.J. § 350, p. 969]; and that 'mere ignorance of the facts . . . without some valid excuse for ignorance, was of no consequence.' (*Dennis* v. *Bint*, 122 Cal. 39, 44 [54 P. 378, 68 Am.St.Rep. 17] (citing authority).)''

■ ''The right to maintain an action arises immediately upon the commission of the wrong complained of, and the statute runs from that time, and not from the date of damage caused by the wrong. Thus a cause of action in tort arises when the wrongful act is committed, although all the damages occasioned by the act were not sustained at that time, and even though the fact that a tort was committed was not known until the right of recovery was barred.'' 16 Cal. Jur., § 94 (Limitation of Actions).

Again in Restatement, Torts, section 899 (c) it is stated: "An assault is complete when anticipation of harm occurs. A battery or a cause of action for negligently harming a person or a thing is complete upon physical contact even though there is no observable damage at the time of contact."

Likewise it is said in 34 American Jurisprudence 126, section 160 (Limitation of Actions): "As a general rule, where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resuling from the act shall have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action, and is not legally severable from its consequences. It is from then that the statute begins to run, and not from the time of the damage or discovery of the injury."

Appellant has not pleaded fraud, concealment or duress on the part of respondent which prevented him from ascertaining that he suffered injury at the hands of said respondent.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1952.