DEVINE, P. J.
 

 We have before us the question of the propriety of a judgment founded on an order sustaining a demurrer without leave to amend, the demurrer being based on the statute of limitations and on failure to state a cause of action.
 

 Plaintiff was the purchaser of a crane which was engaged in the entirely laudable work of raising steel for the building of Hastings College of Law. The crane proved unequal to the task, and broke. The action is for damages to the crane itself, not to any person or other property.
 

 The complaint is in two counts: the first professedly on breach of warranty, which has been abandoned. (Plaintiff did not purchase the crane from defendant, the manufacturer, but from a distributor.)
 

 The second count, it is stated by plaintiff, is upon negligence, on the theory that the manufacturer is liable for having manufactured negligently a “dangerous” article, the crane, and is liable under the doctrine of
 
 MacPherson
 
 v.
 
 Buick Motor Co.,
 
 217 N.Y. 382 [111 N.E. 1050], which doctrine has been recognized in California.
 
 (Kalash
 
 v.
 
 Los Angeles Ladder Co.,
 
 1 Cal.2d 229 [34 P.2d 481] ;
 
 Sheward
 
 v.
 
 Virtue,
 
 20 Cal. 2d 410 [126 P.2d 345]; see Rest. Torts, § 394 et seq.)
 

 Plaintiff purchased the crane July 1, 1949, and the crane broke on July 23, 1951. An action for breach of warranty against any party liable therefor would have been barred by the statute of limitations. (Code Civ. Proc., § 339, subd. 1.)
 

 Plaintiff contends that it has a cause of action for negligence, as stated above, and that such cause did not accrue until the damage occurred on July 23, 1951, and that the
 
 *Supp. 830
 
 action having been commenced May 1, 1953, it is within the statutory time for an action for damages to personal property. (Code Civ. Proe., § 339, subd. 1.)
 

 Defendant argues that (1) the cause of action accrued at the time of the alleged negligent manufacture, the date of which is not alleged, except that it was prior to July 1, 1951, and (2) that in any event the “dangerous article” doctrine does not apply where the damages are only to the article itself.
 

 As to the first of these arguments, it is not necessary, we think, to decide. It is the law, generally, (medical malpractice and fraud cases excepted) that when a complete tort has been committed, and, therefore,
 
 some
 
 damage has been done, the statute starts to run, whether or not the plaintiff is aware of his damage,
 
 (Latin
 
 v.
 
 Gilette,
 
 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115] ;
 
 Medley
 
 v.
 
 Hill,
 
 104 Cal.App. 309 [285 P. 891];
 
 Lambert
 
 v.
 
 McKenzie,
 
 135 Cal. 100 [67 P. 6] ;
 
 Wetzel
 
 v.
 
 Pius,
 
 78 Cal.App. 104, 107 [248 P. 288];
 
 Lightner Mining Co.
 
 v.
 
 Lane,
 
 161 Cal. 689, 696 [120 P. 771, Ann.Cas. 1913C 1093]), and even though the original damage has been slight, and much more serious results occur.
 
 (Sonbergh
 
 v.
 
 MacQuarrie,
 
 112 Cal.App.2d 771 [247 P.2d 133].) However, it may be doubted that the statute could start to run before
 
 any
 
 damage had occurred.
 

 But we think the “dangerous article” doctrine does not include “danger” to the article itself. In that situation almost everything would be “dangerous.”
 

 The crane may have been “inherently dangerous” to persons or property, but it was no more dangerous to itself than a suit of clothes, defectively made, would he dangerous to itself. To extend the doctrine as plaintiff contends would be to make the manufacturer virtually a warrantor to the ultimate users.
 

 ' The case of
 
 Tremeroli
 
 v.
 
 Austin Trailer Equip. Co.,
 
 102 Cal.App.2d 464 [227 P.2d 923], does not seem to involve the point at issue. A “fifth wheel” on truck and trailer equipment broke and' damage to the entire rig ensued. It is not clear whether or not there was damage sought as to the fifth wheel, or, if so, whether such damage would have been based on warranty or negligence.
 

 In
 
 International Harvester Co.
 
 v.
 
 Sharoff,
 
 202 F.2d 52, the damage was to the defective equipment itself, as well as to other equipment; but the question was not discussed of the
 
 *Supp. 831
 
 distinction between warranty and negligence, perhaps because the defendant charged with negligence was the
 
 seller
 
 of the equipment.
 

 Judgment is affirmed.
 

 Molkenbuhr, J., and Shoemaker, J., concurred.