Filed 7/13/16  Jimena v. Wong CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CARL L. JIMENA,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>SAI HO WONG et al.,<br><br>      Defendants and Respondents. | B261223<br><br>(Los Angeles County<br>Super. Ct. No. MC024878) |

       APPEAL from a judgment of the Superior Court of Los Angeles County, Brian C. Yep, Judge.  Affirmed.

       Carl L. Jimena, in pro. per., for Plaintiff and Appellant.

       Law Office of Priscilla Slocum, Priscilla Slocum; Early, Maslach & Sepe and John A. Peterson for Defendant and Respondent Sai Ho Wong.

       Grobaty & Pitet, Michael J. Grobaty and Robert K. Peck for Defendant and Respondent Sears Optical Co.

_____

In a previous lawsuit, Carl L. Jimena (Jimena) received two opportunities to amend his complaint against Dr. Sai Ho Wong (Wong) after the sustaining of demurrers; he was not successful in stating a claim. Thereafter, Division Two of this court affirmed the trial court's dismissal of Jimena's complaint without leave to amend. Having received his day in court and a final adverse judgment against him, Jimena has nevertheless filed this duplicative lawsuit against Wong and added Sears Optical Co. (Sears). Jimena attempts to justify his disregard of the judicial process by mischaracterizing Division Two's affirmance as a judgment in his favor. Because the statute of limitations has run, we affirm the trial court's ruling sustaining both demurrers without leave to amend filed by Wong and Sears. We also grant Wong's motion for sanctions against Jimena in the amount of Wong's attorney fees on appeal ($7,650).

## BACKGROUND

### I. April 30, 2010 incident

One test for glaucoma, a disease that can cause blindness, is puffing a small burst of air into a patient's open eyes. Jimena alleges that during an eyewear examination on April 30, 2010, Wong conducted the puff-of-air test on Jimena, which resulted in Jimena suffering injury.

### II. First lawsuit

In 2011, Jimena brought a lawsuit against Wong alleging negligence, intentional tort, and breach of contract based on the 2010 incident.[1] He attached to the complaint the service agreement between him and Wong. After Wong filed a demurrer, which the trial court sustained with leave for Jimena to amend his complaint, Jimena amended his

---

[1] Wong requested this court take judicial notice of Jimena's initial complaint, first amended complaint, and second amended complaint in his prior lawsuit against Wong; this court's prior decision in that lawsuit and subsequent remittitur; the California Supreme Court's denial of Jimena's petition for review; and Wong's request to augment the record in this appeal. Under Evidence Code sections 452 and 459, we grant Wong's requests.

complaint. After a second demurrer, which the trial court again sustained with leave to amend, Jimena amended his complaint a second time. After the third complaint still alleged a single cause of action for breach of contract, however, the trial court sustained Wong's third demurrer without leave to amend and dismissed the case. On appeal, Division Two of this court affirmed on all grounds. (*Jimena v. Wong* (Mar. 6, 2013, B238763) [nonpub. opn.] (*Jimena I*).)

First, the appellate court concluded that Jimena had failed to state a cause of action for breach of contract. Though Jimena alleged that he entered into a service agreement with Wong for an eye examination to obtain prescription lenses and did not consent to a glaucoma examination, a patient's cause of action for breach of contract against a doctor requires more. The patient must also allege the doctor clearly and unequivocally warranted that a course of treatment recommended by her or him will, inevitably, produce a certain result. Jimena alleged no such facts in his complaint. Thus, he failed to make allegations sufficient to support a cause of action for breach of contract against Wong. (*Jimena I*, *supra*, B238763.)

Jimena's factual allegations actually concern either a failure to obtain a patient's informed consent to treatment or an injury suffered as a result of negligent treatment. Both are claims of negligence, not claims of breach of contract. The trial court had repeatedly advised Jimena that his factual allegations concerned a cause of action for negligence, not a cause of action for breach of contract, yet Jimena twice ignored the trial court's admonitions. Indeed, Jimena admitted in open court that he intentionally pleaded a cause of action for breach of contract in order to circumvent Medical Injury Compensation Reform Act of 1975 (MICRA), the comprehensive legislation imposing certain requirements on plaintiffs attempting to recover for medical negligence claims. Following authority holding that plaintiffs cannot avoid MICRA by alleging a claim of breach of contract, Division Two held that Jimena could not proceed on his cause of action and affirmed the trial court's sustaining of Wong's demurrer. (*Jimena I*, *supra*, B238763.)

Second, Division Two held that the trial court appropriately exercised its discretion in denying Jimena leave to amend his complaint. The trial court had twice permitted Jimena leave to amend, each time specifically instructing him how to state a viable claim. The trial court warned that Jimena's claims sounded in negligence, not breach of contract. But again Jimena ignored the trial court and intentionally attempted to circumvent MICRA via manipulative pleading. Further, Jimena failed to explain on appeal how he might amend his complaint to state a valid cause of action. (*Jimena I*, *supra*, B238763.)

## III.    Second lawsuit

On September 17, 2014, Jimena filed this lawsuit in propria persona against Wong and Sears alleging battery based on the same April 30, 2010 incident on which he based his first lawsuit.

He labeled his first cause of action "Intentional Tort Battery." He alleged that "Wong intentionally performed a glaucoma examination causing appellant injury in the form of partial blindness and resulting mental anguish," that Jimena "'did not consent to the glaucoma test, nor was it included as part of the contract,'" and that "the harmful or offensive glaucoma test caused injury, damage by way of loss of earning capacity, doctor's expenses." He attached as an exhibit the same contract that he attached to his complaint in his first lawsuit.

Jimena labeled his second cause of action "Employer's Liability," incorporating by reference the discussion under his first cause of action. He contended that Wong and Sears forced him to sign the service contract and denied him any opportunity to request changes in the contract's terms, making the service contract a contract of adhesion. Jimena alleged that Wong performed the alleged battery in the course of and within the scope of his employment for Sears and in an office owned by Sears, and therefore Sears is liable as Wong's employer for his actions.

Moreover, Jimena contended that in *Jimena I*, the appellate court made factual findings sufficient to prove both his first and second causes of action in this case. He made the following allegation in his complaint:

4

"1.  In California Court of Appeals Case No. B238763, the decision rendered in the [a]bsence of an indispensable party, Sears Optical Co., found the following facts, quote:

"'Appellant entered into a service contract with Sears Optical, whereby he consented to an eye examination for the purpose of obtaining prescription glasses. Dr. Wong, an optometrist with Sears Optical, performed an examination on appellant, which included a glaucoma test.  Appellant did not consent to the glaucoma test, nor was it included as part of the contract.  The test caused appellant injury in the form of partial blindness and resulting mental anguish.'  (see first paragraph of FACTUAL AND PROCEDURAL BACKGROUND, CASE NO. [B]238763 CITED ABOVE).

"2.  The above three elements of battery enumerated in the case of Brown v. Ransweiler, supra, are all found in the findings of fact of the Court of Appeals.  Matching the above facts with the above stated elements of battery are as follo[w]s:  (1) Wong intentionally performed a glaucoma examination causing 'appellant injury in the form of partial blindness and resulting mental anguish.'  (2) 'Appellant did not consent to the glaucoma test, nor was it included as part of the contract.'  (3) the harmful or offensive glaucoma test caused injury, damage by way of loss of earning capacity, doctor's expenses.

"The Court of Appeals found Sears Optical Co. as the party with whom Plaintiff entered into contract, but could not render judgment against Sears Optical because it is not a party in this case and was not served with summons and complaint even if Wong announced twice in the Superior Court that he would include a third party which could be Sears Optical, but never did it.

"3.  Plaintiff wanted to make it clear that as found by the Court of Appeals plaintiff 'consented to an eye examination for the purpose of obtaining prescription glasses.  Dr. Wong, an optometrist with Sears Optical, performed an examination on appellant, which included a glaucoma test.  Appellant did not consent to the glaucoma test, nor was it included as part of the contract.'  see First paragraph of 'FACTUAL AND PROCEDURAL BACKGROUND' CA Decision in Case No. B238763 cited above."

5

Wong and Sears filed separate demurrers, which the trial court sustained without leave to amend. Jimena appealed.

## DISCUSSION

### I.  The statute of limitations bars Jimena's complaint.

Jimena bases his complaint in this case on an incident that occurred on April 30, 2010. Jimena filed the complaint on September 17, 2014, more than four years after the incident occurred.

The statute of limitations dictates the time period within which a plaintiff must commence his cause of action. (Code Civ. Proc., § 312; *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.)[2] Several policies underlie such statutes: "to give defendants reasonable repose, thereby protecting parties from 'defending stale claims,'" and to "stimulate[] plaintiffs to pursue their claims diligently." (*Fox*, at p. 806.) The statute of limitations begins to run at "'the time when the cause of action is complete with all of its elements'" or when "the plaintiff discovers, or has reason to discover, the cause of action." (*Id.* at pp. 806–807.) Here, because battery merely requires touching absent consent, the statute of limitations began to run when Jimena received the alleged injury from the glaucoma examination on April 30, 2010. (See *Sonbergh v. MacQuarrie* (1952) 112 Cal.App.2d 771, 774; *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 324–325.)

To determine the length of the relevant statute of limitations in this case, we look to the substantive legal claim in Jimena's complaint. Jimena had previously asserted a cause of action alleging battery in the original complaint in his prior lawsuit. As explained in Division Two's decision, Jimena tried to hide the true nature of his complaint: a medical malpractice claim subject to MICRA. This case is another attempted run around MICRA. Section 340.5 sets forth a one-year statute of limitations for actions alleging professional negligence under MICRA. Even for a genuine cause of

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

action for battery, section 335.1 establishes a two-year statute of limitations. Under either legal theory, the statute of limitations has run.

Jimena falsely characterizes *Jimena I* as a money judgment in his favor and argues that a 10-year statute of limitations applies under section 683.020, which governs enforcement of money judgments. The record, however, does not support Jimena's contention. Division Two in *Jimena I* held that the "trial court properly ruled that appellant [Jimena] failed to state a cause of action for breach of contract and that his claim properly sounded in negligence. It also properly exercised its discretion in denying further leave to amend, given appellant's representations that he sought to allege breach of contract to avoid the reach of the Medical Injury Compensation Reform Act (MICRA) and related statutes." (*Jimena I*, *supra*, B238763 at p. 2.) In the Disposition, Division Two concluded, "The judgment is affirmed. Dr. Wong is entitled to costs on appeal." (*Id.* at p. 15.) *Jimena I* held the trial court properly sustained Wong's demurrer without leave to amend, affirmed the judgment against Jimena, and awarded costs to Wong. Jimena's assertion is a blatant misrepresentation of Division Two's decision.

In the alternative, Jimena argues we should toll the statute of limitations during the time he pursued the previous lawsuit. Tolling can stem from the governing statute or in equity. Statutory tolling only applies in a very limited circumstance: when "a judgment therein for the plaintiff be reversed on appeal other than on the merits." (§ 355.) Here, again, Jimena never received a judgment in his favor, and this court never reversed any judgment by the trial court, on the merits or otherwise. Thus, statutory tolling does not apply.

Equitable tolling also applies in limited circumstances. Courts created this doctrine "'to prevent unjust and technical forfeitures of the right to a trial on the merits'" when needed "'to ensure fundamental practicality and fairness.'" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 99.) The equitable doctrine "operates independently of the language of the Code of Civil Procedure and other codified sources of statutes of limitations" and is "a creature of the judiciary's inherent power "'to formulate rules of procedure where justice demands it.'"" (*Id.* at pp. 99–100.)

Yet courts apply equitable tolling only in "carefully considered situations" and will require "'a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.'" (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 370–371.) In *Bollinger v. National Fire Ins. Co.* (1944) 25 Cal.2d 399, the California Supreme Court held that equitable tolling may be applied when the plaintiff had been denied a trial on the merits, the plaintiff has timely pursued the legal claims, some technicality unrelated to the merits or not the plaintiff's fault defeated the claims, and tolling would serve justice. (*Id.* at pp. 406–410.)

In his prior suit, both the trial and appellate courts gave Jimena the opportunity to be heard on the merits, and Jimena obtained a judgment on the merits albeit not in his favor. He alone is responsible for the failure of his claims. In this suit, he seeks the same remedy that he sought previously and without success. Jimena has had his day in court and now seeks a second chance by blatantly misrepresenting Division Two's prior decision. Tolling the statute of limitations in this case would not serve justice. Jimena fails to satisfy the high standard required for equitable tolling.

## II.     We grant Wong's motion for sanctions and deny Jimena's motion for sanctions.

During the pendency of this appeal, Wong filed a motion for sanctions against Jimena; Jimena then filed an opposition to Wong's request for sanctions and also filed his own motion for sanctions against Wong. On March 23, 2016, pursuant to California Rules of Court, rule 8.276, we notified the parties by letter that we were considering imposing monetary sanctions against Jimena and invited them to address in supplemental briefing the propriety of imposing such sanctions and to request oral argument limited to this question. On April 4, 2016, Jimena filed a letter brief on the issue of sanctions and filed a request for oral argument on that issue. On June 21, 2016, we heard oral argument limited to the issue of sanctions against Jimena.

We may award sanctions against Jimena for filing and prosecuting a frivolous appeal. (§ 907; Cal. Rules of Court, rule 8.276.) We must strike a delicate balance in

8

deciding whether to impose sanctions to avoid chilling litigants' rights on appeal. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) A fundamental aspect of our judicial system is the opportunity to be heard, "even if it is extremely unlikely that [a party] will win on appeal." (*Ibid.*) Nevertheless, sanctions are necessary to prevent appeals that are "a time-consuming and disruptive use of the judicial process" and that "tie[] up judicial resources and divert[] attention from the already burdensome volume of work at the appellate courts." (*Ibid.*)

With these purposes in mind, the California Supreme Court has outlined when an appeal is frivolous and deserving of sanctions: "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650.)

We are mindful that in this case Jimena has proceeded in propria persona throughout, that is, without the aid of professional counsel. A litigant appearing in propria persona must comply with the same restrictive rules and procedures as an attorney. (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98.) Nevertheless, we generally do not impose sanctions on a propria persona appellant solely on the ground that the appeal lacked merit. (*Ibid.*) Instead, our precedent first requires "some impropriety in addition to lack of merit to support the impositions of sanctions"; for example, bringing an appeal for the purpose of delay or to harass the respondent. (*Ibid.*) "We do not believe it is appropriate to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant." (*Ibid.*)

First, Jimena's appeal indisputably has no merit. He attempts to obtain a remedy that this court already rejected, and the statute of limitations has run. Second, his appeal relies on a blatant misrepresentation of Division Two's prior decision, which he references at least 20 times in his briefs. Third, despite repeated admonitions by a court that the law precludes his claim, Jimena has shown that he will continue to litigate and to

9

harass Wong.  (See *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)  For example, after he received a final adverse judgment from Division Two in *Jimena I* ending the case, Jimena nevertheless sent a demand letter to Wong seeking settlement.  Finally, despite *Jimena I*'s affirmance of the trial court's denial of leave to amend his complaint, Jimena ignored the court order and filed this lawsuit, alleging the same facts and seeking the same remedy that Division Two had already denied him.  Thus, this appeal is frivolous and deserving of sanctions.

Wong seeks $7,650 in attorney fees against Jimena.  In determining the proper penalty, we consider sanctions are "to discourage frivolous appeals and to compensate for losses caused by such an appeal." (*Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1316.)  The amount of attorney fees incurred by the respondent in opposing the frivolous appeal is a generally accepted penalty.  (*Ibid.*)  We therefore deem Wong's requested $7,650 in attorney fees an appropriate sanction in this case.

We have considered Jimena's motion for sanctions against Wong and reject it.  First, Jimena requests sanctions because Wong's counsel allegedly filed respondent's brief after the due date "without any authorization from this Court" and therefore Wong "is on [sic] default."  But this court permitted Wong's counsel a 15-day grace period, and she filed respondent's brief within that time.  Thus, the record does not support Jimena's argument.  Second, Jimena argues that in his prior lawsuit and appeal Wong's counsel misled Division Two into relying on two cases, *Pulvers v. Kaiser Foundation Health Plan, Inc.* (1979) 99 Cal.App.3d 560, and *Depenbrok v. Kaiser Foundation Health Plan, Inc.* (1978) 79 Cal.App.3d 167, explaining what factual allegations a patient must make to assert a cause of action for breach of contract against a doctor.  As explained in *Jimena I*, those cases applied, and we therefore reject Jimena's argument.  Third, Jimena complains of the arguments in Wong's motion for sanctions that Jimena tried to avoid MICRA in his previous lawsuit and that Jimena did not heed the trial court's advice to amend his complaint to allege a cause of action for negligence.  Jimena asserts that Wong's counsel is not dealing honestly and fairly with him and made personal attacks against him in her filings in this court.  We reject Jimena's argument because it is both

10

true and relevant that Jimena did try to avoid MICRA and intentionally ignored the trial court's wise admonitions in his previous lawsuit. We see no personal attacks on Jimena in Wong's briefing to this court. Fourth, Jimena contends that Wong's brief is frivolous. Because we decide in favor of Wong on the merits in this appeal, Jimena does not prevail on this argument. In summary, Jimena has not provided any reason to impose sanctions on Wong's counsel.

## DISPOSITION

The judgment is affirmed. Costs are awarded to Sai Ho Wong and Sears Optical Co. As a sanction for this frivolous appeal, Carl L. Jimena is ordered to pay Wong $7,650.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.