[No. A059765. First Dist., Div. Five. Dec. 3, 1993.]

GAIL S. BREWER, Plaintiff and Appellant, v.
BHULABHAI PATEL, Defendant and Respondent.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1(a), this opinion is certified for publication with the exception of section II.B.

**COUNSEL**

H. Thomas Cadell, Jr., and Miles E. Locker for Plaintiff and Appellant.

John Wm. Cumming for Defendant and Respondent.

## OPINION

PETERSON, P. J.—The issue in this case is whether a motel employee who is required to live on the motel premises and who, on average, works no more than five hours a day, must be paid for the entire time he spends at the motel or simply the time he provides actual services. We will conclude the employee must be paid only for the time he provides actual services.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts of this case are not in dispute and may be summarized as follows.

Respondent Bhulabhai Patel owns a 25-unit motel in Fortuna known as the Fortuna Motor Lodge. Appellant Gail S. Brewer worked at the motel for a two-year period beginning in September 1989. Appellant's primary responsibility was as an office clerk; he answered the motel telephone and checked guests in and out of their rooms. However, appellant also assisted with other tasks at the motel such as cleaning the grounds, doing laundry, and cleaning the rooms. In exchange for this work, appellant received a salary which started at $750 per month and eventually increased to $1,150 per month. If appellant worked a seventh day in any week, he received an additional day's pay. Appellant was also given free living quarters: a one bedroom apartment connected to the motel office.

Appellant's duties at the motel required, on average, less than five hours a day to perform. However, appellant was also required to keep the motel office open from 6 a.m. to 10 p.m. every day, and he was generally expected to remain on the motel premises 24 hours a day. Appellant could leave the motel if he wished, but he had to let respondent know so that respondent or someone else could take his place. When appellant was not actually working, he could relax in his apartment, watch television, or attend to his own personal needs.

Appellant eventually filed a claim with the state Labor Commissioner[1] claiming respondent failed to pay overtime wages to which he was entitled. The Labor Commissioner agreed and awarded appellant $43,433.58 in overtime pay. Respondent then appealed the award to the Humboldt County

[1]The Labor Commissioner is the chief of the state Division of Labor Standards Enforcement (see Lab. Code, §§ 21 & 79) which administers and enforces regulations issued by the state Industrial Welfare Commission (IWC). (See *Aguilar* v. *Association for Retarded Citizens* (1991) 234 Cal.App.3d 21, 26 [285 Cal.Rptr. 515]; *Keyes Motors, Inc.* v. *Division of Labor*

Superior Court and asked for a de novo hearing as permitted by section 98.2, subdivision (a).[2] At the ensuing trial, the primary issue was the correct interpretation of a wage order issued by the IWC which set forth rules governing how resident managers of apartment houses and motels must be paid. The Labor Commissioner, who represented appellant in the proceedings,[3] interpreted the wage order to mean appellant was entitled to compensation for the entire time he spent at the motel, less certain offsets. Respondent argued appellant was entitled to be paid only for the time he actually provided services. The trial judge accepted this latter interpretation and held appellant was entitled to no additional wages because he worked less than five hours per day. This appeal followed.

## II. DISCUSSION

### A. Interpretation of Wage Order No. 5-89

■ The primary issue in this case is the correct interpretation of a regulation which sets forth rules governing how resident managers of apartment houses and motels must be paid. The relevant regulation, Wage Order No. 5-89, states in part: " 'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, *and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.*" (Cal. Code Regs., tit. 8, § 11050, subd. 2(H), italics added (hereafter Wage Order No. 5-89).)

The Labor Commissioner, who represents appellant on appeal (see *Gipe v. Superior Court* (1981) 124 Cal.App.3d 617, 625-627 [177 Cal.Rptr. 590]), interprets this language to mean that appellant was entitled to compensation

---

*Standards Enforcement* (1987) 197 Cal.App.3d 557, 559 [242 Cal.Rptr. 873].) The IWC regulates wages, hours, and working conditions for California employees. (Lab. Code, § 1173.)

All subsequent statutory references are to the Labor Code.

[2]Section 98.2, subdivision (a) provides, "Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the appeal shall be heard de novo."

[3]Section 98.4 provides, in part, "The Labor Commissioner may, upon the request of a claimant financially unable to afford counsel, represent such claimant in the de novo proceedings provided for in Section 98.2. In the event that such claimant is attempting to uphold the amount awarded by the Labor Commissioner and is not objecting to any part of the Labor Commissioner's final order, the Labor Commissioner shall represent the claimant."

for the entire time he spent at the motel, less certain allowances for sleep time and meals. Respondent interprets Wage Order No. 5-89 to mean that appellant was entitled to compensation only for the time he actually worked.

We resolve this conflict by applying the well-settled rules of statutory interpretation. The fundamental rule of interpretation is to ascertain the intent of the agency issuing the regulation so as to effectuate the purpose of the law. (See *T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 277 [204 Cal.Rptr. 143, 682 P.2d 338].) To determine that intent, we turn first to the words of the regulation, giving effect to the usual meaning of the language used, while avoiding an interpretation which renders any language mere surplusage. (*Aguilar* v. *Association for Retarded Citizens*, *supra*, 234 Cal.App.3d at pp. 28-29.) When statutory language is clear, we must apply that language without indulging in interpretation. (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 800 [268 Cal.Rptr. 753, 789 P.2d 934].)

Wage Order No. 5-89 first states that compensation must be paid for "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work . . . ." This language describes the general principle applicable in all hourly employment contexts and means that an employee must be paid for the time he is at work.

Wage Order No. 5-89 then mandates a special rule for apartment managers and motel clerks who are obligated to reside on the work premises. In that situation, only "that time spent carrying out assigned duties shall be counted as hours worked." This language is obviously meant to address the special circumstances of those who are required to reside where they work. An employee such as this is not always working. At times he may be away from the work site shopping, or visiting with friends. At other times, the employee may be on the work premises but attending to personal matters such as cooking, cleaning, or watching television. The language quoted above accepts this reality and states that an employee in this situation must be compensated only for "that time spent carrying out assigned duties," in other words, only for the work the employee actually provides.

Applying these principles to the present case, we note appellant was required to reside on the motel premises and, thus, was the type of employee described by Wage Order No. 5-89. Under the clear language of the regulation, appellant was entitled to compensation only for "that time [he] spent carrying out assigned duties." Since appellant's "assigned duties" took less

than five hours a day to perform, he was entitled to no additional wages. We conclude respondent's interpretation of the wage order is correct.

The Labor Commissioner's interpretation is unconvincing for several reasons. First, by arguing that a resident employee must be paid for the entire time he spends on the premises less certain offsets, the Labor Commissioner simply reverts to the first clause of the wage order which states an employee must be paid for "the time during which [he] is subject to the control of an employer." This interpretation fails to give any meaning to the second clause which states that resident employees must be paid only for "that time spent carrying out assigned duties." Indeed, at trial, the Labor Commissioner admitted his interpretation rendered the second clause of the wage order "redundant." We are required to avoid an interpretation which renders any language of the regulation mere surplusage. (*Aguilar* v. *Association for Retarded Citizens*, *supra*, 234 Cal.App.3d at pp. 28-29.)

Second, the interpretation advanced by the Labor Commissioner here is inconsistent with his own previous interpretation of the regulation. While the Labor Commissioner now claims a resident employee is entitled to compensation for the entire time he spends on the work premises, the Labor Commissioner's own operations and procedures manual states that an employee who is "required to be on the premises but is free to engage in personal activities" need not be paid. The Labor Commissioner's only response is to state that his own manual is "unartfully drafted."

Finally, while we would normally defer to the Labor Commissioner's interpretation of the wage order because he is charged with the enforcement of that regulation (*C. E. Buggy, Inc.* v. *Occupational Safety & Health Appeals Bd.* (1989) 213 Cal.App.3d 1150, 1156 [261 Cal.Rptr. 915]), we see no reason to apply that rule here. The Labor Commissioner's interpretation renders a portion of the regulation surplusage, is inconsistent with his own prior interpretation of the rule, and is contrary to the plain meaning of the language used. Under these circumstances, we conclude the Labor Commissioner's interpretation is not entitled to any deference.

B.   *Costs Award**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante*, page 1017.

## III. DISPOSITION

The judgment is reversed to the extent it awards costs to respondent. In all other respects, the judgment is affirmed. Each party shall bear his own costs on appeal.

King, J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 3, 1994.