[No. B102854. Second Dist., Div. Four. Dec. 20, 1996.]

MOTION PICTURE STUDIO TEACHERS & WELFARE WORKERS, LOCAL NO. 884, Plaintiff and Appellant, v.
JOSE MILLAN, as Assistant Labor Commissioner, etc., et al., Defendants and Respondents.

1192

## COUNSEL

Reich, Adell, Crost & Cvitan, Julius Mel Reich and Paul E. Harris III for Plaintiff and Appellant.

Thomas S. Kerrigan for Defendants and Respondents.

## OPINION

**EPSTEIN, J.**—We review the denial of appellant's petition for writ of mandate to enforce a regulation of the Department of Industrial Relations that requires studio teachers to hold both single and multiple subject teaching credentials. The Labor Commissioner has construed the regulation to require only the multiple subject credential. We conclude the regulation does not permit that construction and, hence, that petitioners are entitled to the relief they seek. Because the trial court denied that relief, we reverse.

### FACTUAL AND PROCEDURAL SUMMARY

Appellant, Motion Picture Studio Teachers & Welfare Workers, Local No. 884, is a labor union representing teachers in the entertainment industry. Respondents are the Assistant Labor Commissioner and the Department of Industrial Relations. Respondents are responsible for certifying studio teachers—persons qualified to teach minors whose work in the entertainment industry precludes their attendance in a regular elementary or secondary school program.

Section 11755 of title 8 of the California Code of Regulations,[1] a regulation duly adopted by the Department of Industrial Relations (Lab. Code, § 53), provides that studio teachers must meet minimum qualifications for certification. As originally proposed, this regulation would have required applying teachers to pass an examination and possess either a current state teaching credential *or* a life diploma. Before adoption, the regulation was changed to conform with the standard then currently used in the industry: that two credentials be required. As adopted in 1985, and at present, section 11755 requires studio teachers to pass an examination and possess *both* a "California Elementary and a California Secondary teaching credential."

In 1970, some 16 years before the regulation was adopted, the Education Code was amended to redefine classifications for teaching certificates. The elementary credential was replaced by the "multiple subject" credential. It enables a teacher to teach a self-contained classroom, generally in grades K-8. The secondary credential was replaced by the "single subject" credential, which allows a teacher to specialize in a subject commonly taught in grades 9-12. (Ed. Code, § 44256, subds. (a) and (b).) Despite these changes in credential definitions, section 11755 was adopted using the older terminology.

Prior to 1987, the commissioner had required applicants for a studio teacher certificate to hold the multiple subject credential, and rejected those who possessed both the elementary and secondary teaching credential. Petitioners brought a proceeding challenging this construction of the regulation. The superior court found that the interpretation amounted to the issuance of a new regulation without compliance with the requirements of the California Administrative Procedure Act (APA). (Gov. Code, § 11340 et seq.) The court enjoined the Labor Commissioner and the Department of Industrial Relations from applying section 11755 in a manner "which requires as a condition of a certification as a studio teacher that the person have a teaching credential other than a California Elementary and a California Secondary teaching credential[.]" That decision, embodied in a judgment, has become final.

Nevertheless, respondents continued to certify studio teacher applicants who possessed only the multiple subject teaching credential, and who lacked the single subject credential. From 1988 to 1995, the number of such teachers rose from about one-fourth to over half of all studio teachers. The regulation, requiring two credentials, was not changed.

The proceeding before us was initiated by appellant's petition for a writ of mandate under Code of Civil Procedure section 1085, seeking to require

---

[1] All further section references are to this regulation unless otherwise noted.

respondents' compliance with the regulation. Finding respondents' interpretation of the regulation to be proper, and neither arbitrary nor capricious, the trial court denied the writ. Appellants filed a timely notice of appeal.

DISCUSSION

I

■ Before us is a formal regulation duly adopted by the Department of Industrial Relations. The responsibility for enforcing the regulation is with the Labor Commissioner. (See *Brewer* v. *Patel* (1993) 20 Cal.App.4th 1017, 1019, fn. 1 [25 Cal.Rptr.2d 65].) In 1985, the department adopted section 11755 to govern the qualifications for certification as a studio teacher. As a regulation, it required adoption pursuant to the APA. (Gov. Code, § 11340 et seq.) (See *Armistead* v. *State Personnel Board* (1978) 22 Cal.3d 198, 204 [149 Cal.Rptr. 1, 583 P.2d 744].) Respondents' interpretation of that regulation is at issue here.

■ Generally, an agency's interpretation of its own regulation is entitled to considerable judicial deference. (See *Carmona* v. *Division of Industrial Safety* (1975) 13 Cal.3d 303, 310 [118 Cal.Rptr. 473, 530 P.2d 161].) Indeed, the agency's construction generally controls unless it is clearly erroneous or inconsistent with the plain language of the regulation. (*Brewer* v. *Patel, supra*, 20 Cal.App.4th at p. 1022.) But the principle of deference is not without limit; it does not permit the agency to disregard the regulation's plain language. (*Ibid.*)

■ An agency may not alter a regulation except by the APA process (*Goleta Valley Community Hospital* v. *State Department of Health Services* (1983) 149 Cal.App.3d 1124, 1129 [197 Cal.Rptr. 294]), which is similar to the procedures that govern its adoption. The procedures for adoption, amendment and repeal of a regulation parallel the law applicable to statutory changes. If a state agency believes that the regulation it adopted ought to be changed, it may only accomplish that result through the APA procedure, a process that ordinarily requires advance publication and an opportunity for public comment. (See Gov. Code, §§ 11346.4, 11346.5, 11346.8.) It may not do so by interpreting the regulation in a manner inconsistent with its plain language.

██ ██   With these rules in mind, we review the regulation at hand.[2] Entitlement to a writ of mandate requires that appellant show that respondents are not performing a duty to which performance appellant is entitled. (*Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 863 [132 Cal.Rptr. 464, 553 P.2d 624].)

The standard for our review is not whether the agency's actions were arbitrary or capricious. We are not reviewing the commissioner's quasi-legislative actions. (See *California Hotel & Motel Assn.* v. *Industrial Welfare Com.* (1979) 25 Cal.3d 200, 211 [157 Cal.Rptr. 840, 599 P.2d 31].) ██ The adoption, amendment and vacation of rules and regulations are quasi-legislative acts. (*Ibid.*) The interpretation of a regulation, like the interpretation of a statute, presents a question of law. (*Carmona* v. *Division of Industrial Safety, supra,* 13 Cal.3d at p. 310.)

██   If the department believed that only one credential is needed to enable a person to teach minors in the entertainment industry, it should have and could have so required by regulation. The interpretation it has given its regulation does not square with the plain language of that provision. Section 11755 unequivocally requires two credentials for certification as a studio teacher. Although the Education Code nomenclature for these two credentials is not the same as that used in the regulation, we presume the department had the new credentials—those specified in Education Code section 44256—in mind, as they had been used since 1970. It follows that section 11755 requires the equivalent of both a multiple and single subject certificate to be certified as a studio teacher.

Respondents suggest that the purpose of the regulation is to allow any studio teacher to teach any student. Because teachers with multiple subject certificates are commonly allowed to teach all grade levels, respondents argue that a multiple subject certified teacher satisfies the regulation's goal. That is not what the regulation provides. If respondents find section 11755 too vague, too cumbersome, or not in concert with proper policy, they have the power to amend it or adopt a new regulation. Until that is done, they must enforce the regulation as written.

## II

██   Respondents raise several defenses to appellant's claims. First, respondents contend appellant is barred from judicial relief by the doctrine of

---

[2]Appellant argues that the 1987 action produced a res judicata bar, preventing respondents from asserting that their interpretation of section 11755 is valid. We are not provided with sufficient information to decide whether the 1987 preliminary injunction applies to the situation at hand. We need not do so because we have sufficient information on the merits of appellant's claim, which we now decide.

unclean hands. Unclean hands is an appropriate defense to a writ of mandate. (See *Allen* v. *Los Angeles County District Council of Carpenters* (1959) 51 Cal.2d 805, 811-812 [337 P.2d 457].) Respondents' theory is that appellant's objective is to reduce competition to its members from younger teachers. To bring themselves under the unclean hands doctrine, respondents must show that appellant was guilty of misconduct so severe as to preclude its recovery for any resulting harm. (See, e.g., *Camp* v. *Jeffer, Mangels, Butler & Marmaro* (1995) 35 Cal.App.4th 620, 639 [41 Cal.Rptr.2d 329] [plaintiffs' suit for wrongful termination barred by after-acquired evidence that plaintiffs lied on their job applications and resumes]; *Blain* v. *Doctor's Co.* (1990) 222 Cal.App.3d 1048, 1052 [272 Cal.Rptr. 250] [plaintiff cannot recover for emotional distress caused by taking attorney's advice to lie during plaintiff's deposition].) The most that respondents have shown is that appellant is seeking to have a regulation enforced according to its terms. That is hardly misconduct.

Respondents next argue a related claim: that appellant's suit is barred by the doctrine of laches. First, we note that appellant successfully brought a similar action in 1987. In it, appellant questioned respondents' interpretation of section 11755. The court granted the injunction and required respondent to interpret the regulation as written. Still, respondents continued to apply the regulation to require only one credential for certification as a studio teacher.

To sustain a laches defense, the evidence must show unreasonable delay by the petitioner and either the petitioner's acquiescence in the decision or prejudice to adverse parties resulting from the delay. (*Miller* v. *Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624 [166 Cal.Rptr. 826, 614 P.2d 258].) Respondents do not argue that they have changed position in reliance on appellant's delay, or that any prejudice has ensued. They suggest that prejudice will occur because studio teachers currently certified with only the multiple subject credential will be harmed by strict enforcement of section 11755. The evidence does not establish that this is the case, as appellant's petition sought only prospective compliance with the regulation. Respondents, in any event, have shown no prejudice to themselves resulting from any delay by appellant. Laches is not a proper defense to appellant's claim.

Finally, respondents argue that appellant has failed to exhaust administrative remedies. (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291-292 [109 P.2d 942, 132 A.L.R. 715].) The omission, according to them, is that appellant has not petitioned respondents to adopt, amend or repeal the regulation, pursuant to Government Code former sections 11347

and 11347.1. The relief suggested does not provide an adequate remedy. Rather than change the existing regulation, appellant seeks to do the reverse. Appellant wants the regulation enforced as written. There is no administrative remedy for appellant to pursue. Its remedy is a writ of mandate, which it sought, and which the trial court improperly denied.

## DISPOSITION

The judgment is reversed. Appellant is to have its costs.

Vogel (C. S.), P. J., and Baron, J., concurred.

A petition for a rehearing was denied January 16, 1997.