[No. B193835. Second Dist., Div. Two. Jan. 23, 2007.]

MICHELE NOEL PUGLIESE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DANTE J. PUGLIESE, Real Party in Interest.

COUNSEL

The Law Offices of Pease & de Petris, Cynthia A. de Petris and Edgar B. Pease III for Petitioner.

No appearance by Respondent.

Lapidus & Lapidus, Ryan D. Lapidus and Daniel C. Lapidus for Real Party in Interest.

OPINION

CHAVEZ, J.—

## I. INTRODUCTION

Petitioner Michele Noel Pugliese (Michele) seeks a writ directing the superior court to set aside an order granting real party in interest Dante J. Pugliese's (Dante) in limine motion to exclude all references to acts of domestic violence alleged to have occurred three years prior to the date Michele filed her domestic violence complaint. We conclude that domestic violence litigants are entitled to seek recovery for all acts of domestic abuse occurring during the domestic relationship, so long as the litigant proves a continuing course of abusive conduct. Accordingly, we grant the writ of mandate and direct the superior court to set aside its order granting Dante's in limine motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Michele and Dante were married in January 1989. Michele filed a petition for dissolution of that marriage on April 22, 2002.[1] On April 2, 2004, Michele sued Dante for assault, battery, intentional infliction of emotional distress and violation of civil rights. Michele alleged Dante had engaged in a pattern of domestic abuse, both physical and mental, which began within a few months of the marriage. Although the physical acts allegedly ceased in April 2001, Michele claims the emotional abuse continued until April 2004. In September 2005, Dante filed a motion in limine to exclude evidence of any assaults and batteries alleged to have occurred more than three years prior to the filing of the complaint, claiming that Michele could not recover damages for acts occurring prior to that time because the statute of limitations set forth

---

[1] It is unclear whether the parties' divorce has been finalized.

in Code of Civil Procedure section 340.15 barred such recovery. The trial court granted Dante's in limine motion, and this petition followed.

## III. ISSUE

The issue presented is whether Michele is barred, pursuant to the three-year limitations period set forth in Code of Civil Procedure section 340.15, subdivision (a), from recovering damages for acts of domestic violence occurring prior to April 2001.

## IV. DISCUSSION

### A. *Writ review*

Writ review is appropriate where the petition presents a significant issue of first impression. (*Marron v. Superior Court* (2003) 108 Cal.App.4th 1049, 1056 [134 Cal.Rptr.2d 358].)

### B. *Standard of review*

It is a question of law whether a case or a portion of a case is barred by the statute of limitations, and we are not bound by the trial court's determination and instead conduct a de novo review. (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334 [248 Cal.Rptr. 341].)

### C. *Michele's Civil Code section 1708.6 domestic violence claim was timely filed*

 Spouses are permitted to pursue appropriate civil remedies against each other, including lawsuits asserting the tort of domestic violence. (Civ. Code, § 1708.6; see *In re Marriage of McNeill* (1984) 160 Cal.App.3d 548, 556 [206 Cal.Rptr. 641]; *Sosnick v. Sosnick* (1999) 71 Cal.App.4th 1335, 1339–1340 [84 Cal.Rptr.2d 700].)

Civil Code section 1708.6, subdivision (a) provides: "A person is liable for the tort of domestic violence if the plaintiff proves both of the following elements: [¶] (1) The infliction of injury upon the plaintiff resulting from abuse, as defined in subdivision (a) of Section 13700 of the Penal Code. [¶]

(2) The abuse was committed by the defendant, a person having a relationship with the plaintiff as defined in subdivision (b) of Section 13700 of the Penal Code."[2]

The time for commencement of an action under Civil Code section 1708.6 is governed by Code of Civil Procedure section 340.15, which provides: "(a) In any civil action for recovery of damages suffered as a result of domestic violence, the time for commencement of the action shall be the later of the following:

"(1) Within three years from the date of the last act of domestic violence by the defendant against the plaintiff.

"(2) Within three years from the date the plaintiff discovers or reasonably should have discovered that an injury or illness resulted from an act of domestic violence by the defendant against the plaintiff.

"(b) As used in this section, 'domestic violence' has the same meaning as defined in Section 6211 of the Family Code."

■ Family Code section 6211 defines "domestic violence" as "abuse perpetrated against . . . [a] spouse or former spouse." (Fam. Code, § 6211, subd. (a).)

"Abuse" is defined as any of the following: "(a) Intentionally or recklessly to cause or attempt to cause bodily injury. [¶] (b) Sexual assault. [¶] (c) To place a person in reasonable apprehension of imminent serious bodily injury to that person or to another. [¶] (d) To engage in any behavior that has been or could be enjoined pursuant to Section 6320."[3] (Fam. Code, § 6203.)

■ The rights and remedies provided in Civil Code section 1708.6 are in addition to any other rights and remedies provided by law. (Civ. Code, § 1708.6, subd. (d).) Thus, spouses and ex-spouses are entitled to allege, as did Michele, causes of action for assault, battery and intentional infliction of

---

[2] Penal Code section 13700 provides in pertinent part: " 'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, [or] former cohabitant . . . ." (Pen. Code, § 13700, subd. (b).)

[3] Family Code section 6320 permits a court to enjoin a party from "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing, telephoning, including, but not limited to, annoying telephone calls as described in Section 653m of the Penal Code, destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party . . . ." (Fam. Code, § 6320.)

emotional distress.[4] When such counts are alleged, we look to the limitations period applicable to each of these causes of action to determine if they are barred by the statute of limitations. Causes of action for assault, battery and intentional infliction of emotional distress are governed by the two-year statute of limitations set forth in Code of Civil Procedure section 335.1.[5] (Code Civ. Proc., § 335.1.) Michele alleges the last physical act of abuse occurred in April 2001. Thus, her assault and battery causes of action are barred by Code of Civil Procedure section 335.1. As for Michele's intentional infliction of emotional distress claim, she alleges the last act of emotional abuse occurred in April 2004, less than two years prior to the filing of the complaint. Thus, her intentional infliction of emotional distress claim was timely filed pursuant to Code of Civil Procedure section 335.1.

Although the assault and battery causes of action are barred by the applicable statute of limitations, the complaint, taken as a whole, alleges a violation of Civil Code section 1708.6. Michele claims that during the period June 1989 to April 2004, Dante shoved, pushed, kicked, hit, slapped, shook, choked and sexually abused her. She also alleges he pulled her hair, pinched and twisted her flesh, threatened to kill her, threatened her with bodily harm, confined her in the family car while driving erratically and drunkenly and infected her with sexually transmitted diseases. Clearly, Michele has alleged that Dante intentionally or recklessly caused or attempted to cause her bodily injury, sexually assaulted her, placed her in reasonable apprehension of imminent serious bodily injury and engaged in behavior that could have been enjoined pursuant to Family Code section 6320. We therefore conclude Michele has set forth a cognizable claim for domestic violence. Accordingly, the three-year limitations period set forth in Code of Civil Procedure section 340.15 applies.[6] (Code Civ. Proc., § 340.15.)

Because Michele alleges the last physical act of abuse occurred in April 2001 and the last act of emotional abuse occurred in April 2004, and because

---

[4] Michele also alleged a violation of her civil rights pursuant to Civil Code sections 51.7 and 52.1, subdivision (b). A civil rights violation cause of action does not have its own limitation period, but rather depends on the nature of the underlying act upon which the claim is predicated. (*Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 759 [120 Cal.Rptr.2d 550].) Assuming Michele has adequately pled a cause of action for a violation of civil rights, we conclude the three-year limitation period set forth in Code of Civil Procedure section 340.15 would apply.

[5] Code of Civil Procedure section 335.1 provides that "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" must be commenced within two years.

[6] Although Michele referenced Code of Civil Procedure section 340.15, she did not specifically allege a violation of Civil Code section 1708.6 within her complaint. However, the allegations of battery, assault and intentional infliction of emotional distress meet the definition of abuse set forth in Family Code section 6203.

the complaint was filed within three years of these dates, Michele's Civil Code section 1708.6 domestic violence claim was timely filed.

D. *The plain language of Code of Civil Procedure section 340.15 entitles Michele to seek damages for acts of domestic abuse occurring prior to April 2001*

Michele contends she is entitled to seek damages for acts of domestic abuse occurring beyond the three-year limitations period set forth in Code of Civil Procedure section 340.15, subdivision (a). We agree.

■ "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law." (*People v. Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) To determine the intent, the court turns first to the words, attempting to give effect to the usual, ordinary import of the language and to avoid making any language mere surplusage. (*Regents of University of California v. Public Employment Relations Bd.* (1986) 41 Cal.3d 601, 607 [224 Cal.Rptr. 631, 715 P.2d 590]; *Brewer v. Patel* (1993) 20 Cal.App.4th 1017, 1021 [25 Cal.Rptr.2d 65].) In the absence of "a compelling reason for doing otherwise," a statute of limitation is to be construed in accordance with its plain language. (*Samuels v. Mix* (1999) 22 Cal.4th 1, 7 [91 Cal.Rptr.2d 273, 989 P.2d 701].)

■ Code of Civil Procedure section 335.1, the statute setting forth the limitations period for assault and battery between *nondomestic* partners, views each incident of abuse separately and the limitations period commences at the time the incident occurs. (Code Civ. Proc., § 335.1; *Sonbergh v. MacQuarrie* (1952) 112 Cal.App.2d 771, 773–774 [247 P.2d 133].) By contrast, Code of Civil Procedure section 340.15 provides that domestic violence lawsuits must be commenced within three years "from the date of the *last act* of domestic violence . . . ." (Code Civ. Proc., § 340.15, subd. (a)(1), italics added.) The words "last act" are superfluous if they have no meaning. By adding these words, we believe the Legislature adopted by statute the continuing tort theory, thus allowing domestic violence victims to recover damages for all acts of domestic violence occurring during the marriage, provided the victim proves a continuing course of abusive conduct and files suit within three years of the "last act of domestic violence."[7]

Dante makes little attempt to explain the Legislature's use of the words "last act," focusing instead on the purpose of statutes of limitations, which is

---

[7] We can envision facts which may lead a court to exclude references to prior acts of domestic violence and to bar recovery for these acts. However, here it is alleged the acts of physical violence began shortly after the marriage and continued until April 2001, without any break in the cycle of violence.

to "prevent the resurgence of stale claims after the lapse of long periods of time as a result of which loss of papers, disappearance of witnesses, [and] feeble recollections . . . make ineffectual or extremely difficult a fair presentation of the case." (*County of L. A. v. Security First Nat. Bank* (1948) 84 Cal.App.2d 575, 580 [191 P.2d 78].) Dante concludes the situation at hand is precisely the sort in which statutes of limitations must be strictly enforced; otherwise he will be forced to combat evidence that has long since faded in amount, potency, reliability, and relevance. (*Lackner v. LaCroix* (1979) 25 Cal.3d 747, 751 [159 Cal.Rptr. 693, 602 P.2d 393].)

■ While we recognize the difficulty a spouse or ex-spouse may have in defending against domestic violence cases, the continuing tort doctrine seems especially applicable in such cases. Generally, a limitations period begins to run upon the occurrence of the last fact essential to the cause of action. (*DeRose v. Carswell* (1987) 196 Cal.App.3d 1011, 1017 [242 Cal.Rptr. 368].) However, where a tort involves a continuing wrong, the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease. (See *Birschtein v. New United Motor Manufacturing, Inc.* (2001) 92 Cal.App.4th 994, 1003 [112 Cal.Rptr.2d 347].)

■ Dante contends that the continuing tort doctrine should not be applied to violations of Civil Code section 1708.6. He claims, in essence, that the tort of domestic violence is made up of essentially three separate torts, i.e., assault, battery and the infliction of emotional distress. According to Dante, because a victim knows she or he has been injured at the time the assault, battery or infliction of emotional distress occurs, the victim must file suit against the abuser within two years of the act or forever lose the right to do so. However, the tort of domestic violence is more complex than Dante concedes. Domestic violence is the physical, sexual, psychological, and/or emotional abuse of a victim by his or her intimate partner, with the goal of asserting and maintaining power and control over the victim. (See, e.g., Note, *Mandatory State Interventions for Domestic Abuse Cases: An Examination of the Effects on Victim Safety and Autonomy* (2004) 52 Drake L.Rev. 295, 300; Dempsey, *What Counts as Domestic Violence? A Conceptual Analysis* (2006) 12 Wm. & Mary J. Women & L. 301.) Most domestic violence victims are subjected to "an *ongoing* strategy of intimidation, isolation, and control that extends to all areas of a woman's life, including sexuality; material necessities; relations with family, children, and friends; and work." (Stark, *Re-Presenting Woman Battering: From Battered Woman Syndrome to Coercive Control* (1995) 58 Alb. L.Rev. 973, 986, fn. omitted.) Pursuing a remedy, criminal or civil, while in such an environment defies the abuser's control, thus exposing the victim to considerable risk of violence. (See, e.g., Corsilles, *No-Drop Policies in the Prosecution of Domestic Violence Cases: Guarantee to Action or Dangerous Solution?* (1994) 63 Fordham L.Rev. 853.)

We have found no California case applying the continuing tort doctrine to the tort of domestic violence. However, an Illinois case, *Feltmeier v. Feltmeier* (2003) 207 Ill.2d 263 [278 Ill.Dec. 228, 798 N.E.2d 75], is instructive. In that case, an ex-wife (Lynn) brought an action against her ex-husband (Robert) for intentional infliction of emotional distress, alleging that she was a battered wife and that for over a 12-year period Robert had engaged in a pattern of domestic abuse, both physical and mental in nature, which began shortly after the marriage and did not cease even after its dissolution. (798 N.E.2d at pp. 77–78.) Robert moved to dismiss the lawsuit, asserting that portions of Lynn's claim were barred by the applicable statute of limitations, which required claims for intentional infliction of emotional distress to be filed within two years of the date of the injury. (*Id.* at p. 78.) Robert claimed that each separate act of abuse triggered a new statute of limitations so that all claims occurring two years prior to the filing of the complaint were time-barred. (*Id.* at p. 84.) Lynn responded that Robert's actions constituted a "continuing tort" for purposes of the statute of limitations and that her complaint, "filed within two years of the occurrence of the last such tortious act," was therefore timely. (*Ibid.*) The Illinois Supreme Court agreed with Lynn, noting that "[a] continuing tort . . . does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes." (*Id.* at p. 86.) The court held: "While it is true that the conduct set forth in Lynn's complaint could be considered separate acts constituting separate offenses of, *inter alia*, assault, defamation and battery, Lynn has alleged, and we have found, that Robert's conduct *as a whole* states a cause of action for intentional infliction of emotional distress." (*Id.* at pp. 86–87.) In reaching its conclusion, the court noted the difference between the delayed discovery rule and the continuing tort rule. (*Id.* at p. 88.) "The discovery rule, like the continuing tort rule, is an equitable exception to the statute of limitations. However, under the discovery rule, a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused. [Citations.] [¶] By contrast, in the case of a continuing tort, such as the one at bar, a plaintiff's cause of action accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated. [Citations.] Thus, as previously stated, a continuing tort does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes. [Citation.]" (*Id.* at p. 89.)

The conduct set forth in Michele's complaint could be considered separate offenses of assault, battery and intentional infliction of emotional distress. However, Michele has alleged continual domestic abuse over a 15-year

period,[8] and that Dante's tortious conduct did not completely cease until April 2004. Accordingly, Michele's Civil Code section 1708.6 cause of action did not accrue until April 2004 and she is entitled to seek recovery of damages for acts occurring prior to that time.

E. *The legislative history of Civil Code section 1708.6 supports our conclusion that the Legislature intended the tort of domestic violence to be considered a continuing wrong*

A considerable portion of Dante's brief is devoted to a discussion of the legislative history of Code of Civil Procedure section 340.15. While it is clear the Legislature, in adopting the three-year limitations period, understood that victims of domestic violence need additional time within which to file suit, nothing contained in the legislative history conclusively establishes whether the Legislature intended courts to treat a Civil Code section 1708.6 tort as a continuing wrong. The legislative history of Civil Code section 1708.6 is more enlightening.

Civil Code section 1708.6 was modeled after the Violence Against Women Act of 1994 (VAWA),[9] which provided a federal civil remedy for victims of gender-motivated violence. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1933 (2001–2002 Reg. Sess.) as amended Mar. 18, 2002.) Subdivision (b) of the VAWA stated that "[a]ll persons within the United States shall have the right to be free from crimes of violence motivated by gender . . . ." (42 U.S.C. § 13981(b).) To enforce that right, subdivision (c) declared: "A person . . . who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to the party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate." (42 U.S.C. § 13981(c).) A " 'crime of violence motivated by gender' " was defined as "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender . . . ." (42 U.S.C. § 13981(d)(1).) The term " 'crime of violence' " was defined as: "(A) an act or series of acts that would constitute a felony against the person or that would constitute a felony against property if the conduct presents a serious risk of physical injury to another, and that would come within the meaning of State or Federal offenses described in section 16 of title 18, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction and whether or not those acts were committed in the special maritime,

---

[8] Dante contends that Michele has not alleged that she was a battered spouse. We are not convinced that such an allegation is required. However, liberally read, the allegations of the complaint make this claim.

[9] Title 42 United States Code section 13981.

territorial, or prison jurisdiction of the United States." (42 U.S.C. § 13981(d)(2)(A).) The definition included "an act or series of acts that would constitute a felony described in subparagraph (A) but for the relationship between the person who takes such action and the individual against whom such action is taken." (42 U.S.C. § 13981(d)(2)(B).)

In 2000, the United States Supreme Court declared the VAWA unconstitutional, holding that "Congress' effort in § 13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under . . . the Fourteenth Amendment." (*United States v. Morrison* (2000) 529 U.S. 598, 627 [146 L.Ed.2d 658, 120 S.Ct. 1740].) As a result, it became the responsibility of individual states to institute civil remedies for victims of rape and domestic violence. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1933 (2001–2002 Reg. Sess.) as amended Mar. 18, 2002.) In 2002, California enacted Civil Code section 1708.6. (Civ. Code, § 1708.6, added by Stats. 2002, ch. 193, § 2.) Because California already had statutory torts providing the sort of civil remedies referred to in *Morrison* in the areas of sexual battery (which includes rape) and stalking, Civil Code section 1708.6 focused solely on domestic violence. (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1933 (2001–2002 Reg. Sess.) as amended Mar. 18, 2002.)

In adopting Civil Code section 1708.6, our Legislature declared: "(a) Acts of violence occurring in a domestic context are increasingly widespread. [¶] (b) These acts merit special consideration as torts, because the elements of trust, physical proximity, and emotional intimacy necessary to domestic relationships in a healthy society makes participants in those relationships particularly vulnerable to physical attack by their partners. [¶] (c) It is the purpose of this act to enhance the civil remedies available to victims of domestic violence in order to underscore society's condemnation of these acts, to ensure *complete* recovery to victims, and to impose significant financial consequences upon perpetrators." (Stats. 2002, ch. 193, § 1, italics added.)

■ Clearly our Legislature, like the authors of the VAWA, understood that domestic violence encompasses a series of acts, including assault, battery and intentional infliction of emotional distress, and that when these acts are coupled with an oppressive atmosphere of control, the continuing tort of domestic violence results.

The legislative history of Civil Code section 1708.6 and the plain language of Code of Civil Procedure section 340.15 convince us that damages are available to victims of domestic violence, not just for the "last act" of abuse, but for acts occurring prior to the date of the "last act." Accordingly, we conclude the trial court erred in granting Dante's in limine motion to exclude

all references to acts of domestic violence alleged to have occurred three years prior to the date Michele filed her domestic violence complaint.[10]

## IV. DISPOSITION

Let a writ issue directing respondent superior court to set aside its order granting real party in interest's in limine motion and to issue a new and different order denying the motion. The temporary stay is vacated. Petitioner is to recover the costs of this petition.

Boren, P. J., and Doi Todd, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied April 11, 2007, S150513. George, C. J., did not participate therein.

---

[10] We do not address here any other limitation on the introduction of evidence which may be applicable at trial.