Filed 11/20/14  Zhao v. Lincoln Park Motel CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
|---|

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GARY ZHAO, Plaintiff and Respondent, v. LINCOLN PARK MOTEL, L.P., Defendant and Appellant. | B252601 (Los Angeles County Super. Ct. No. BC480443) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm Mackey, Judge.  Affirmed.

Henry J. Josefsberg, for Defendant and Appellant.

DesJardins & Panitz, Michael A. DesJardins, for Plaintiff and Respondent.

Defendant Lincoln Park Motel L.P. (the "Motel") appeals the judgment entered in favor of plaintiff Gary Zhao ("Zhao") on his complaint alleging wage and hour violations under the Labor Code. The Motel maintains that the trial court misapplied the relevant case law to the undisputed facts of this case. We disagree, and so affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The Motel has 24 rooms for rent, each with its own bathroom. It is licensed primarily as a residential hotel. Zhao was hired as the resident manager of the Motel in 2008. He was required to live on the premises, in a room off of the Motel's office which had access to a shared bathroom and a small kitchen. In addition to staffing the front desk for an eight-hour shift each day, Zhao was responsible for contacting repair and maintenance people, arranging for maids to clean the rooms, and generally being on call to respond to emergencies. He was paid at the rate of $8 per hour for his services. While he was covering the front desk, he was not permitted to engage in any personal activities; however, when "on-call," he could do so. Alone among the clerks who worked eight-hour shifts covering the front desk, the Motel did not pay Zhao for the entire eight hours he was required to sit at the desk, but only for the time when he was "actually working" by, for example, checking guests in or out of their rooms, answering the telephone, or arranging for housekeeping services.

On March 8, 2012, Zhao and four other plaintiffs filed a complaint against the Motel, claiming wage and hour violations under the Labor Code, including the failure to provide rest breaks and meal breaks (Lab. Code § 226.7); failure to pay minimum wage (Lab. Code, §1182.12); failure to pay overtime pay (Lab. Code, § 510); failure to pay wages in a timely manner (Lab. Code, § 210); and failure to provide accurate pay statements (Lab. Code, § 226, subd. (a)). Plaintiffs also alleged a cause of action for unfair competition under Business & Professions Code section 17200 et seq. based on the enumerated violations of the Labor Code.

The Motel maintained that, pursuant to the authority of *Brewer v. Patel* (1993) 20 Cal.App.4th 1017 ("*Brewer*") and *Isner v. Falkenberg/Gilliam & Associates, Inc.* (2008)

2

160 Cal.App.4th 1393 ("*Isner*"), it was not required to pay Zhou for the time that he sat at the front desk for eight-hour shifts but was not actually answering phones, responding to guest inquiries, or otherwise actively providing services to the Motel.

Following a bench trial consisting of three days of testimony and arguments of counsel, the court concluded that Zhou was entitled to wages for all of the time that he was required to sit at the front desk. Said the court: "He's a desk clerk for eight hours there. To me, that's it. That's the actual work. Whether he actually – but he's there." The court entered judgment in favor of Zhao in the sum of $33,584.[1]

The Motel timely appealed the judgment in favor of Zhao "and no other parties." On appeal, the Motel contends that the trial court failed to properly apply the holdings of *Brewer* and *Isner* to the facts of this case.

DISCUSSION

*Brewer, supra,* 20 Cal.App.4th 1017, concerned the interpretation of Wage Order No. 5-89, a regulation issued by the Labor Commissioner concerning the wages, hours and working condition of persons employed in, among other things, the hospitality industry. The current version of Wage Order No. 5[2] states in part: "'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked." (Cal. Code Regs. tit. 8, § 11050, subd. (2)(K).)

The employee in *Brewer* worked at a 25-unit motel as an office clerk, with primary responsibility for checking guests in and out of their rooms and answering the motel's telephone. These duties required, on average, less than five hours a day to

---

[1] The other plaintiffs received smaller awards under the judgment. In addition, the court awarded plaintiffs $75,000 in attorney fees.

[2] Wage Order 5-89 has been superseded by Wage Order 5-2001. The two versions of the wage order are identical in all respects pertinent to this discussion.

perform. Brewer was also required to keep the motel office open from 6 a.m. to 10 p.m. every day, and was expected to remain on the motel premises 24 hours a day. When not actually working, Brewer was free to "relax in his apartment, watch television, or attend to his own personal needs." (*Brewer, supra,* 20 Cal.App.4th at p. 1019.) Brewer filed a claim with the Labor Commissioner claiming that he was entitled to be paid for the entire time that he spent at the motel, less certain offsets. His employer contended that he was owed wages only for the time that he actually provided services. The trial court agreed with the employer, as did the appellate court.

The *Brewer* court began its discussion by noting that Wage Order No. 5 "mandates a special rule for apartment managers and motel clerks who are obligated to reside on the work premises. In that situation, only 'that time spent carrying out assigned duties shall be counted as hours worked.'" The court reasoned that this language "is obviously meant to address the special circumstances of those who are required to reside where they work. An employee such as this is not always working. At times he may be away from the work site shopping, or visiting with friends. At other times, the employee may be on the work premises but attending to personal matters such as cooking, cleaning, or watching television. The language quoted above accepts this reality and states that an employee in this situation must be compensated only for 'that time spent carrying out assigned duties,' in other words, only for the work the employee actually provides." (*Brewer*, *supra*, 20 Cal.App.4th at p. 1021.) The court concluded that, because Brewer's "assigned duties" took less than five hours a day to perform, he was entitled to no additional wages.

The issue of wages due a resident motel employee was again addressed in *Isner, supra,* 160 Cal.App.4th 1393. There, the Isners, a married couple, were resident employees of a property management company providing housing for the elderly. Their employment agreement provided as follows: "'Employee shall be on call and respond to the facility's emergency alarm systems on designated evenings from 5:00 p.m. until 8:00 a.m. and on designated weekends from 5:00 p.m. Friday evening until 8:00 a.m. Monday morning. While on call, Employee shall remain on the facility premises within hearing distance of the emergency alarm systems and telephone but is otherwise free to use on-

4

call time as he or she chooses.'" (*Id.* at p. 1395.) The referenced alarm system consisted of "a buzzer that sounded in the resident employees' apartments whenever a smoke alarm was triggered or a tenant pushed an emergency call button." (*Id.* at p. 1396.) When on duty and on call, the Isners "slept, ate, talked on their personal telephone, used the internet, played computer games, read magazines or watched television in their apartment when they were not responding to an emergency. They could not, however, go to the pool or walk around the apartment complex, presumably because they would then be out of audible range of the telephone and alarm. Needless to say, during their on-call time, the Isners could not leave the premises to go to a movie or go shopping together . . . ." (*Ibid.*)

The Isners filed a class action lawsuit, claiming that the defendants' resident employees were entitled to wages "not just for the hours they spent responding to emergencies while on call, but for all the hours they were on call and thus confined to their apartment or the building office so as to remain within audible range of the telephone and alarm." (*Id.* at p. 1398.) Our colleagues in Division Eight of this District Court of Appeal affirmed the grant of summary judgment in favor of the employer. Said the court, "under *Brewer*, employees who are required to reside where they work are entitled to be compensated for time spent performing their assigned duties; they [] are not entitled to be compensated for time spent simply being available to perform those duties." (*Id.* at p. 1400.)

Here, the Motel maintains that it is undisputed that Zhou was only required to perform actual work such as checking guests in and out of rooms and arranging for maid service, for at most five hours a day, even though he was stationed at the front desk throughout an eight-hour shift. However, the trial court found, and the Motel does not dispute, that Zhou was required to be at the front desk throughout his entire shift, and was not permitted, for example, to retire to his apartment and simply appear in response to being summoned, as he was permitted to do when he was on-call but not working his desk shift. Substantial evidence supports the trial court's findings. Zhou testified that when he was on duty as the desk clerk, he was not permitted to leave his post. The Motel

5

offers no contradictory evidence on the subject, and in any event, the credibility of the witnesses is completely within the province of the trier of fact.

Moreover, the Motel's legal position was that, while the other desk clerks were entitled to be paid for their full eight-hour shifts, Zhou was not entitled to compensation for the time he was on duty simply because he had additional duties as resident manager and was required to reside on the premises. In a colloquy on the first day of trial, Zhou's lawyer remarked: "If counsel wants to argue that if you're sitting at the front desk covering a shift and nobody is standing in front of you talking to you and you happened to be the resident manager, that means that you're not working and not entitled to be paid for that period of time, I dispute that characterization. I don't think that's a reasonable characterization. I don't think that's what the law provides." The motel's counsel responded, "I think that is what *Brewer v. Patel* says."

We concur with the trial court's conclusion that that is not what *Brewer* says. Zhou's compensation claim is factually distinguishable from the employee's claim in *Brewer*. There, the employee sought compensation for all of the time that he was physically on the premises and subject to being summoned to perform work, though he was free to engage in activities of his choosing. Here, Zhou was seeking compensation not for the time that he was "on call," but for the time he was performing his "assigned duties" of staffing the front desk over a specified eight-hour time period. Zhou is entitled to be paid for performing those assigned duties.

DISPOSITION

The judgment of the trial court is affirmed.  Zhao shall recover his costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MINK, J.[*]


We concur:



MOSK, ACTING P.J.



KRIEGLER, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.