NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BONNIE O'CONNOR, an individual, | No. 17-55933 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03542-PA-JC |
| v. | |
| JEFFREY ALLAN FRANKE, in his individual capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Bonnie O'Connor appeals pro se from the district court's judgment

dismissing her diversity action alleging various state law tort claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627

F.3d 338, 341 (9th Cir. 2010) (dismissals under Fed. R. Civ. P. 12(b)(6)); *Lukovsky*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissals based on the statute of limitations). We affirm.

The district court properly dismissed O'Connor's domestic violence claim as time-barred because O'Connor filed this action after the applicable statute of limitations had run, and she did not establish that the continuing tort doctrine applied. *See* Cal. Civ. Proc. Code § 340.15 (three-year statute of limitations for domestic violence claims); *Pugliese v. Superior Court*, 53 Cal. Rptr. 3d 681, 685-87 (Ct. App. 2007) (applying the continuing tort doctrine to domestic abuse claims and explaining that a plaintiff may recover damages for prior acts of domestic violence by showing a "continuing course of abusive conduct and fil[ing] suit within three years of the 'last act of domestic violence'").

The district court properly dismissed O'Connor's claims for gender violence, assault, battery, sexual battery, intentional and negligent infliction of emotional distress, and false imprisonment as time-barred because O'Connor filed this action after any applicable statute of limitations had run, and she did not establish that any tolling provisions or equitable tolling applied. *See* Cal. Civ. Proc. Code §§ 52.4(b) (three-year statute of limitations for gender violence claims), 335.1 (two-year statute of limitations for personal injury claims), 340(c)

(one-year statute of limitations for false imprisonment claims), 351 (statutory tolling for absence from state), 352 (statutory tolling for disabilities); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (setting forth requirements for equitable tolling under California law).

The district court properly dismissed O'Connor's claims for stalking and abuse of process because O'Connor failed to allege facts sufficient to state any plausible claim. *See* Cal. Civ. Code § 1708.7 (setting forth elements of a stalking claim); *Rusheen v. Cohen*, 128 P.3d 713, 718 (Cal. 2006) (setting forth elements of an abuse of process claim); *see also Hebbe*, 627 F.3d at 342 (explaining that although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by dismissing O'Connor's action without further leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We sua sponte order the Clerk to file the untimely and oversized reply brief at Docket Entry No. 18, and have considered the arguments set forth therein.

17-55933

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record O'Connor's contentions that the district court failed to construe her pleadings liberally.

**AFFIRMED.**