**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO D. LOPEZ,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A.; et al.,

Defendants-Appellees.

No. 17-56339

D.C. No. 3:16-cv-00811-AJB-DHB

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 12, 2018**

Before: RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Fernando D. Lopez appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims related to his home mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly dismissed Lopez's claims under California's Unfair Competition Law ("UCL") and for "lack of standing to foreclose" because Lopez failed to allege facts sufficient to show that he had standing to bring these claims. *See In re Turner*, 859 F.3d 1145, 1150-51 (9th Cir. 2017) (borrowers who were in default lacked standing to bring a UCL claim); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795 (Ct. App. 2016) (borrowers lacked standing to bring a preemptive suit challenging the authority to foreclose because such suits "would result in the impermissible interjection of the courts" into California's nonjudicial foreclosure regime) (citation and internal quotation marks omitted)).

The district court properly dismissed Lopez's fraudulent concealment and inducement claims because Lopez failed to allege facts with the requisite specificity. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing Fed. R. Civ. P. 9(b)'s specificity requirement); *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. Rptr. 2d 861, 862-63 (Ct. App. 1991) (discussing specificity requirements for pleading fraud against a corporation under California law).

The district court properly dismissed Lopez's intentional infliction of

emotional distress, Fair Housing Act ("FHA"), and Equal Credit Opportunity Act ("ECOA") claims as barred by the applicable statutes of limitations. *See* 15 U.S.C. § 1691e(f) (five-year statute of limitations for ECOA claim); 42 U.S.C. § 3613(a)(1)(A) (two-year statute of limitations for FHA claims); *Pugliese v. Superior Court*, 53 Cal. Rptr. 3d 681, 684 (Ct. App. 2007) (two-year statute of limitations for intentional infliction of emotional distress claims). We reject as unsupported by the record Lopez's contentions regarding tolling of the statutes of limitations.

The district court properly dismissed Lopez's slander of title claim because the publication and delivery of the foreclosure documents were privileged and Lopez failed to allege facts sufficient to show malice. *See Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 545, 547 (Ct. App. 2008) (explaining that "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures" are privileged communications under California law unless a plaintiff can demonstrate malice).

Because all of Lopez's claims were properly dismissed, the district court properly dismissed Lopez's request for declaratory relief because Lopez had no claim upon which to request relief or remedies. *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("To obtain declaratory relief in federal court, there must be an independent basis for

3                                                    17-56339

jurisdiction."); *Roberts v. L.A. Cnty. Bar Ass'n*, 129 Cal. Rptr. 2d 546, 555 (Ct. App. 2003) (declaratory relief is a remedy, not a cause of action).

The district court did not abuse its discretion by granting defendants' request for judicial notice because the documents in question were matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and stating that a court may take judicial notice of matters of public record).

Because Lopez does not address in his opening brief the district court's reasons for dismissing his quiet title claim or his claims under the Truth in Lending Act, California's Homeowner Bill of Rights, the Rosenthal Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act, Lopez has waived any challenge to those claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Lopez has waived any challenge to the district court's denial of leave to amend his operative complaint for the same reason.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We sua sponte grant Lopez leave to file his untimely reply brief. The Clerk

4                                                                    17-56339

shall file the reply brief submitted at Docket Entry No. 27.

**AFFIRMED.**